Filed 11/12/14  P. v. Miller CA1/2
**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| THE PEOPLE,<br><br>        Plaintiff and Respondent,<br><br>v.<br><br>DANIEL JOSEPH MILLER,<br><br>        Defendant and Appellant. | A141641<br><br>(Lake County<br>Super. Ct. No. CR933356D) |

Daniel Joseph Miller[1] was present and in possession of a short-barreled shotgun when a co-defendant shot and killed David Ferrell and wounded two others.  Miller was charged as an accomplice after the fact, for possession of a short-barreled shotgun, and for being a felon in possession of a firearm and ammunition.  The complaint against him alleged a prior strike offense, for first degree residential burglary, committed when Miller was a minor.  Pursuant to a plea bargain, Miller pleaded guilty to being a felon in possession of a firearm and the other charges were dismissed.  Prior to sentencing, Miller filed a motion requesting that the trial court strike the allegation of the prior strike offense.  The court denied Miller's motion and sentenced him to three years in state prison, doubled to six years because of the prior strike.

Miller's appointed appellate counsel has filed a brief pursuant to *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*) (see *Anders v. California* (1967) 386 U.S. 738 (*Anders*)), in which he raises no issue for appeal and asks this court for an independent review of the

---

[1]  Miller is also known as Daniel Joseph Cunningham.

1

record. (See also *People v. Kelly* (2006) 40 Cal.4th 106, 124.) Counsel attests that Miller was advised of his right to file a supplemental brief, but he has not exercised that right.

We have examined the entire record in accordance with *Wende*. We agree with counsel that no arguable issue exists on appeal and affirm.

## BACKGROUND[2]

On September 8, 2013, David Ferrell was shot and killed in Clearlake, California. Two other victims also suffered gunshot wounds. A witness told the police that Joshua Beavers shot the victims and that Beavers arrived in a van with other individuals, including Orlando Esquivel, Sr. and Brenden Alicea. Police officers located the van at Esquivel's house, and Esquivel, Beavers, Alicea, and Angel Esquivel (Angel) were inside. All admitted that they were present at the shooting. Beavers admitted to shooting Ferrell and firing at other individuals as he returned to the van.

Beavers identified Miller as another person who was present at the shooting. He said that Miller had a short-barreled shotgun, but that Miller did not fire the gun. Angel said that she drove the van and also said that Miller was present with a short-barreled shotgun. After the shooting, she dropped off Esquivel, Beavers, Alicea, and Miller so they could hide the firearms. Alicea also confirmed that Miller was present and did not fire a weapon.

On September 10, 2013, the People filed a complaint against Esquivel, Alicea, Angel and Miller. Miller was charged with the following counts: (1) accessory after the fact (Pen. Code, § 32)[3] to murder, attempted murder, and assault with a firearm (§§ 187, subd. (a), 664/187, subd. (a), 245, subd. (a)(2), and 245, subd. (b)); (2) possession of a short-barreled shotgun (§ 33215); (3) being a felon in possession of a firearm (§ 29800, subd. (a)); and (4) being a felon in possession of ammunition (§ 30305, subd. (a)(1)). The complaint also alleged that Miller had a prior conviction for a serious or violent

---

[2] Because there was not a trial in this case, we use a police report as our source for the facts about the offense and the police investigation. The police report was received into evidence to provide a factual basis for Miller's guilty plea.

[3] Further statutory citations are to the Penal Code.

felony or juvenile adjudication (§§ 1170.12, subds. (a)-(d), 667, subd. (b))—for first degree residential burglary (§ 459) in 2001.[4] In addition, the People alleged four other prior felony convictions.

On February 7, 2014, Miller entered a plea of guilty to count 3. The plea was accepted by the court and on the People's motion the court dismissed counts 1, 2 and 4 in the interest of justice. The court received a police report into evidence to provide a factual basis for the entry of Miller's plea.

On February 28, 2014, Miller filed a *Romero*[5] motion to strike the prior serious juvenile adjudication, which he admitted. The motion stressed the facts that the prior strike offense was committed many years before, when Miller was a minor, and that Miller's convictions since that time had all been related to drug use.[6] On March 17, 2014, the court considered the fact that Miller's juvenile adjudication was not recent, but also observed that "there has been a consistent and steady violation of law ever since." The court denied the *Romero* motion, concluding that Miller was "not outside the spirit of the three strikes law" and was "the type of person that the three strikes law was meant to include." The court then sentenced Miller to six years in state prison—the upper term of three years for the violation of section 29800, subdivision (a), plus three years for the prior strike offense.

---

[4] The prior strike offense was committed in March 2000 when Miller was 17 years old.

[5] Pursuant to section 1385, a trial court has the discretion to strike an alleged prior strike offense in the interest of justice. (*People v. Superior Court* (1996) 13 Cal.4th 497, 529-531 (*Romero*).) A trial court or an appellate court "must consider whether, in light of the nature and circumstances of his present felonies and prior serious and/or violent felony convictions, and the particulars of his background, character, and prospects, the defendant may be deemed outside the [three-strikes] scheme's spirit, in whole or in part, and hence should be treated as though he had not previously been convicted of one or more serious and/or violent felonies." (*People v. Williams* (1998) 17 Cal.4th 148, 161.)

[6] When the court heard argument on the *Romero* motion, Miller's counsel stated: "He has had other felony convictions since [his juvenile adjudication], but all of them were theft-related and one drug-related. And I believe that all of those priors have to do with my client's ongoing problems with drugs."

On April 24, 2014, Miller timely filed a notice of appeal.

## DISCUSSION

Miller's appellate counsel represents that the opening brief is filed in accordance with *Wende*. The *Wende* court held: "We conclude that *Anders* requires the court to conduct a review of the entire record whenever appointed counsel submits a brief which raises no specific issues or describes the appeal as frivolous." (*Wende*, *supra*, 25 Cal.3d at p. 441.)

We have reviewed the record in accordance with our obligations under *Wende* and *Anders*, and we find no arguable issues on appeal.

## DISPOSITION

The judgment is affirmed.

                                                                              

_____

                                                                              STEWART, J.

We concur.

_____
KLINE, P.J.


_____
RICHMAN, J.